**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**COVINGTON**

**CRIMINAL ACTION NO. 2:26-CR-00001-DLB-CJS**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**V.** **PLEA AGREEMENT**

**BENJAMIN AARON KEEBLER** **DEFENDANT**

* * * * *

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Indictment, charging a violation of 18 U.S.C. § 2261A(2), cyberstalking, and Count 3 of the Indictment, charging a violation of 18 U.S.C. § 875(c), threatening interstate communications. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts 2 and 4.

2. The essential elements of Count 1 are:

(a) The Defendant used an electronic communication service or an electronic communication system of interstate commerce to engage in a course of conduct;

(b) The Defendant acted with the intent to injure, harass, or intimidate another person; and

(c) The Defendant's course of conduct caused, attempted to cause, or reasonably would be expected to cause substantial emotional distress to that person.

3. The essential elements of Count 3 are:

(a) The Defendant knowingly or recklessly transmitted a communication containing a true threat to injure the person of another; and

(b) The communication traveled in interstate commerce.

4. As to Counts 1 and 3, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) Beginning on a date in February 2023 and continuing through a date in at least February 2024, the Defendant made a series of threatening voice calls to telephone numbers associated with United States Congressman 1. The Defendant made certain of these calls from his place of residence in the Eastern District of Kentucky to Congressman 1's offices in Washington, D.C. The Defendant also made certain of these calls through a number hosted by Google Voice, which is voice over internet protocol that is both an electronic communication service and an electronic communication system of interstate commerce.

(b) The Defendant intended to harass and intimidate Congressman 1 and members of Congressman 1's staff through the phone calls that he made. Among other statements made during these calls:

i. On or about February 21, 2023, the Defendant left a voicemail stating in part: "Live by the gun. Die by the gun boy."

ii. On or about June 20, 2023, the Defendant left a voicemail stating in part: "Just wait till we start lynching your ass."

iii. On or about February 27, 2024, the Defendant spoke to a member of Congressman 1's staff and made statements the staffmember found threatening. When the staff member responded that they would notify the United States Capitol Police, the Defendant responded that he intended to visit Congressman 1's office with bear mace. The Defendant the called Congressman 1's office again later that day and left a voicemail stating in part that he had "a whole fucking arsenal ready" for the United States Capitol Police.

(c) In addition, on or about January 8, 2025, the Defendant used a number hosted by Google Voice to call the Nebraska-based office of United States Senator 1. The Defendant left a voicemail with that office stating, in part, ""Hey, maybe somebody needs to come to [Senator 1]'s house and do a . . . hammer visit. You fucking rodent inbred. Your time is up. Your race was always a lie. Your identity is bullshit, and God is not mocked anymore." In making this statement, the

Defendant recklessly communicated a true threat to injure Senator 1 and/or a member of Senator 1's family.

5. The statutory punishment, per count, for Counts 1 and 3 is imprisonment for not more than 5 years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

6. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court:

(a) United States Sentencing Guidelines (U.S.S.G.), November 2025 manual, will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes all conduct set forth in Paragraph 4.

*Count 1*

(c) Pursuant to U.S.S.G. § 2A6.2, the base offense level is 18.

(d) Pursuant to U.S.S.G. § 2A6.2(b)(1)(E), increase the offense level by 2 levels because the offense included a pattern of activity involving threatening and harassing the same victim.

*Count 3*

(e) Pursuant to U.S.S.G. § 2A6.1(a)(1), the base offense level is 12.

*Combined Offense Level*

(f) Increase the combined offense level by 1 pursuant to U.S.S.G. § 3D1.4, because Count 1 is 1 unit, and Count 3 is ½ unit.

(g) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States

will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

7. The parties specifically disagree about the applicability of an enhancement under U.S.S.G. § 3A1.2(a)-(b). The United States reserves the right to argue that the offense levels under Counts 1 and 3 should each be increased by 6 levels because the victims were government officers, and the offenses were motivated by such status. The Defendant reserves the right to argue that this enhancement does not apply to either count.

8. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

9. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

10. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

11. The United States will recommend releasing the Defendant on the current conditions for future court appearances if the Defendant does not violate the terms of the order setting conditions of release.

12. At the conclusion of these proceedings, including the sentencing and any appeal therefrom, the United States will return to the Defendant or his designated custodian the following items that were seized from the Defendant during his arrest, each of which is currently in the possession of the United States Capitol Police: (1) two Samsung phones;

(2) Qlinke phone; (3) two Amazon tablets; (4) Dell laptop; (5) Toshiba laptop; (6) Lenovo laptop; (7) iPad; (8) Acer laptop; (9) HP laptop; (10) two Motorola Razr phones; (11) two USB drives; and (12) one 64gb external drive.

13. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

14. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his/her financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or

disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his/her economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

15. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The

Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

16. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

17. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

18. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
FIRST ASSISTANT
UNITED STATES ATTORNEY

Date: 3/6/26 By: ______________________
Andrew T. Boone
Assistant United States Attorney

Date: 3/5/2026 ______________________
Benjamin Aaron Keebler
Defendant

Date: 3/5/26 ______________________
Marvin Knorr
Attorney for Defendant