**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**COVINGTON**

**CRIMINAL ACTION NO. 2:26-CR-00001-DLB**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**V.** **UNITED STATES'S RESPONSE TO DEFENDANT'S OBJECTION TO THE PRESENTENCE REPORT**

**BENJAMIN AARON KEEBLER** **DEFENDANT**

* * * * *

The United States of America hereby submits the following memorandum in response to the Defendant's objection to the presentence report. The Defendant objects to the imposition of a six-level enhancement under U.S.S.G. § 3A1.2(a), (b). For the reasons stated below, the United States requests that the Court apply the enhancement and adopt the presentence report's recommended offense level of 23.

The Sentencing Guidelines recommend a six-level enhancement where: (1) the victim was a government officer; (2) the offense of conviction was motivated by the victim's status as such; and (3) the applicable Chapter Two guideline is from Part A (Offenses Against the Person). *See* U.S.S.G. § 3A1.2(a), (b). In this case, there is no dispute that the victims, both of whom are members of Congress, were government officers. There likewise is no dispute that the applicable Chapter Two guideline is U.S.S.G. § 2A6.2. The Defendant argues only that his actions were not motivated by the victims' statuses.

The official victim enhancement applies only in circumstances where "the offense of conviction was motivated by the fact that the victim was a government officer or employee, or a member of the immediate family thereof." U.S.S.G. § 3A1.2, cmt. 3. An offense motivated solely by a "personal dispute" would not qualify for the enhancement. *See id.* "Motivation is ultimately a question of fact." *United States v. Sulik*, 929 F.3d 335, 337 (6th Cir. 2019).

In this case, the Defendant pleaded guilty to leaving a series of voicemails and phone calls intended to harass and intimidate United States Congressman 1. These included a February 21, 2023 voicemail stating in part: "Live by the gun. Die by the gun boy." [R. 19: Plea Agreement ¶ 4(b)(i).] At the sentencing hearing, the United States will introduce evidence that Congressman 1 introduced legislation in support of preserving and expanding firearms rights at least twice in the year leading up to this phone call, including in January 2023. The United States will also present evidence that Congressman 1 introduced additional legislation on this subject in February 2025, and that the Defendant called Congressman 1's office in May 2025 and asked for the date of Congressman 1's next town hall meeting, so that the Defendant could "shoot him in the head."

The Defendant also pleaded guilty to making a threatening interstate communication by calling the office of United States Senator 1 and threatening to "come to [Senator 1]'s house and do a . . . hammer visit." [R. 19: Plea Agreement ¶ 4(c).] At the sentencing hearing, the United States will introduce evidence that the Defendant's statement was a direct reference to another act of violence that occurred at the home of a different Member of Congress. The only commonality between this prior violent incident

and the Defendant's phone call to Senator 1 is that both incidents targeted Members of Congress.

The Defendant claims that his threats against both Members were motivated by his disagreement with their respective personal beliefs. In the Defendant's objection to the presentence report, he cites a Christmas card issued by Congressman 1 in which Congressman 1 and his family were apparently wielding firearms. But the question is not whether either victim's official status was "the sole or primary motivation" for the offense. *See United States v. Hopper*, 436 F. App'x 414, 429 (6th Cir. 2011). The U.S.S.G. § 3A1.2 enhancement applies if either victim's status was merely "also a motivating factor." *See Sulik* 929 F.3d at 337; *see also United States v. Talley*, 164 F.3d 989, 1004 (6th Cir. 1999) (affirming enhancement and rejecting argument as "specious" that plot to murder FBI agent was motivated solely by personal animus).

Under the circumstances in this case, it is readily apparent that the official statuses of both victims motivated the Defendant's phone calls. First, there is no question that the Defendant knew that both Congressman 1 and Senator 1 were Members of Congress. The Defendant called their respective offices and spoke to members of their respective staffs. While this "knowledge alone cannot trigger the enhancement", it is "relevant to the § 3A1.2 calculus . . . ." *Sulik*, 929 F.3d at 337–38. Second, the phone calls to Congressman 1 hinted at the Defendant's views about positions Congressman 1 had taken on Second Amendment rights. In *Sulik*, the Sixth Circuit emphasized the threats in that case were triggered by a Congressman's public statement in an "ongoing debate about a matter of great political significance." *See id.* at 338. That fact alone was sufficient to justify the U.S.S.G. § 3A1.2

enhancement. *See id.* Third, the Defendant also referenced carrying out his threat against Congressman 1 at a "town hall", a quintessentially political function that Congressman 1 would necessarily attend in his official capacity. Fourth, in the phone call to Senator 1's office, the Defendant intentionally drew parallels to a politically-motivated attack against a family member of another Member of Congress. Official status would be the only conceivable reason the Defendant would single out Senator 1 for a communication like this. For each of these four reasons, an official victim enhancement is appropriate.

Based on the foregoing, the United States respectfully requests that the Court impose a six-level enhancement under U.S.S.G. § 3A1.2(a), (b).

Respectfully submitted,

JASON D. PARMAN
FIRST ASSISTANT
UNITED STATES ATTORNEY

By: s/ Andrew T. Boone
Andrew T. Boone
Assistant United States Attorney
260 W. Vine Street, Suite 300
Lexington, Kentucky 40507-1612
Phone: (859) 685-4841
andrew.boone2@usdoj.gov

## CERTIFICATE OF SERVICE

On July 23, 2026, I electronically filed this motion through the ECF system, which will send the notice of electronic filing to:

Marvin Knorr
*Attorney for Benjamin Keebler*

s/ Andrew T. Boone
Assistant United States Attorney